IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

---

JANE DOE,
INDIVIDUALLY AND AS CLASS REPRESENTATIVE
OF ALL OTHERS SIMILARLY SITUATED,

 Plaintiff,

vs.                Docket No.: 2:13-cv-03002

CITY OF MEMPHIS,

 Defendant.

---

**CLASS ACTION COMPLAINT**

---

 COMES NOW, Plaintiff Jane Doe, by and through undersigned counsel of record and on behalf of herself individually and others similarly situated, and states as follows:

### I. NATURE OF ACTION

 Plaintiff and the putative class members are female individuals who reported sexual assaults to third parties, had bodily fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently transported to the Memphis Police Department for testing, evidentiary and custodial purposes.  The City of Memphis failed to submit over 15,000 such sexual assault kits for further testing and caused the spoliation of the sexual assault kits all of which resulted in damages to the Plaintiff and the putative class which constitutes a violation of the equal protection clauses of the Tennessee and United States constitutions.

## II. PARTIES

1. Class Representative, Plaintiff Jane Doe (hereinafter referred to as "Class Representative" or "Plaintiff Doe"), is an adult female resident of Memphis, Shelby County, Tennessee.

2. Defendant City of Memphis (hereinafter referred to as "Defendant" or "City of Memphis") is a municipal entity, located in Shelby County, Tennessee, recognized by the State of Tennessee as a properly organized and legal municipal entity, operated the Memphis Police Department and can be served with process through its city attorney, Herman Morris at his office located at 125 North Main Street, Suite 336, Memphis, Tennessee 38103.

## III. JURISDICTION AND VENUE

3. The wrongful acts, omissions and injuries described in the body of this Complaint all occurred in Memphis, Shelby County, Tennessee and venue is appropriate in this judicial district pursuant to 28 U.S.C § 1391.

4. The jurisdiction of this lawsuit is proper in the United States District Court for the Western District of Tennessee, Western Division. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1331 and 1343 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 48 U.S.C. § 1985 and various other state laws and the common law.

## IV.     CLASS ACTION

6. Pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (2), Class Representative Plaintiff Doe brings this class action on her behalf and on behalf of other similarly situated sexually assaulted citizens in Memphis, Shelby County, Tennessee ("Class").

7. The exact number of members in the Class identified in the preceding paragraph is not presently known, but upon information and belief, the Class includes over fifteen thousand (15,000) individuals, and is therefore so numerous that joinder of individual members in this action is impracticable.

8. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class. The relief sought is common to the entire Class, as set forth below in this Complaint.

9. The claims of the Class Representative are typical of the Class she represents as the Class Representative claims that the City of Memphis violated the rights held by the Class members under the Fourteenth Amendment to the United States Constitution, Tennessee Constitution, 42 U.S.C. §1983 and state law. There is no conflict between the Class Representative and any other members of the Class with respect to this action.

10. The Class Representative is the representative party for the Class, and is able to fairly and adequately protect the interests of the Class, and will so represent the Class.

11. The attorneys for the Class Representative are experienced and capable in the field of constitutional law.

12. The City of Memphis has acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding injunctive relief appropriate with respect to the Class as a whole.

13. This action is properly maintained as a class action in that the prosecution of separate actions by individual Class members would create a risk of different adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the City of Memphis.

14. The Class consists of females who reported sexual assaults to third parties, had body fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently transported to the Memphis Police Department for testing, evidentiary and custodial purposes. Plaintiff Doe is a member of the class.

15. During the relevant time period more than fifteen thousand (15,000) individuals reported sexual assaults to third parties, had body fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently transported to the Memphis Police Department for testing, evidentiary and custodial purposes.

16. Pursuant to Fed. R. Civ. P. 23(a)(1), based on the number of Class members, the Class is so numerous that joinder of all members is impracticable.

17. All Class members were exposed to the same type of conduct by the Defendant and experienced the same due process, equal protection and statutory violations by the Defendant. Accordingly, pursuant to Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the Class.

18. Plaintiff Doe experienced the same type of conduct by the Defendant as the Class and experienced the same due process, equal protection and statutory violations by the Defendant as the rest of the class. Accordingly, pursuant to Fed. R. Civ. P. 23(a)(3) the claims of the Class Representative are typical of the claims of the Class.

19. Plaintiff Doe is an adequate representative of the Class because her interests do not conflict with the interests of the Class that she seeks to represent, she has retained counsel competent and experienced in class action and civil rights litigation and she intends to prosecute this action vigorously. Accordingly, pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Class.

20. This action is properly maintained as a class action in that the prosecution of separate actions by individual Class members would create a risk of different adjudications with respect to individual members of the Class that, as a practical matter, would be dispositive of the interests of other members not party to the adjudication, or would substantially impair or impede their ability to protect their interests.

21. This action is properly maintainable under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3) because the City of Memphis has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and because questions of law and fact predominate over questions affecting individual members and a class action is superior to other available methods for the fair and efficient

adjudication of this case. This action is also maintainable under Fed. R. Civ. P. 23(c)(4)(A) for all class issues alleged herein.

22. The questions of law or fact common to the Class and which predominate over any other questions affecting individual class members, include without limitation:

  a. Whether the Defendant City of Memphis had a custom, policy and practice of failing to submit sexual assault evidence kits for testing;

  b. Whether the Defendant City of Memphis's custom, policy and practice with respect to its treatment of sexual assault evidence kits violated constitutionally protected rights of the Class under 42 U.S.C. §1983 and the due process clause with respect to their liberty and property interests;

  c. Whether the Defendant City of Memphis's custom, policy and practice with respect to its treatment of sexual assault evidence kits violated constitutionally protected rights of the Class under 42 U.S.C. §1983 and the equal protection clause by treating sexual assault reports from women with less priority than other crimes not involving women or domestic violence;

  d. Whether Defendant City of Memphis's treatment of female rape victims and sexual assault kits was consistent with ordinary and reasonable law enforcement practices or whether such treatment was reckless and/or intentional; and

  e. Whether Defendant City of Memphis's treatment of female rape victims the sexual assault kits they submitted was reckless and/or intentional.

23. This action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  Individual litigation would increase the delay and expense to all parties and the court system, would create the potential for inconsistent or contradictory judgments and would possibly impair or impeded the ability of individual class members to protect their interests.  By contrast, this class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

**V.** **FACTS PERTAINING TO THE WRONGFUL TREATMENT OF JANE DOE**

24. Plaintiff Doe was born on XXXXX XX, 19XX.

25. At all times relevant herein, Plaintiff Doe was a single parent and resided with her minor children.

26. In the early morning of March 30, 2001 Plaintiff Doe was asleep at home in her bedroom and her minor children were asleep in an adjacent bedroom.

27. At approximately 2:00a.m. on March 30, 2001 an intruder violently broke into Plaintiff Doe's home by kicking in a window.

28. After the intruder broke into Plaintiff Doe's home, her arms and feet were bound and she was sexually assaulted multiple times by the intruder.

29. On March 30, 2001 Plaintiff Doe reported the sexual assault to the Memphis Police Department.

30. On March 30, 2001, Plaintiff Doe was transported to the Rape Crisis Center for treatment and the collection of evidence. While at the Rape Crisis Center medical personnel took body fluid samples from Jane Doe and placed them into a Memphis Police Department Sexual Assault Evidence Kit (hereinafter referred to as "Sexual Assault Evidence Kit").

31. An officer from the Memphis Police Department transported the Sexual Assault Evidence Kit to the Memphis Police Department ostensibly for testing and to be used as evidence against the intruder.

32. Over the next thirteen (13) years Defendant City of Memphis never submitted Plaintiff Doe's Sexual Assault Evidence Kit for testing.

33. Unknown to Plaintiff Doe, the City of Memphis had a policy, practice and/or custom of discarding sexual assault evidence kits.

34. Unknown to Plaintiff Doe, the City of Memphis had a policy, practice and/or custom of failing to submit sexual assault evidence kits for testing:

    a. Over fifteen thousand (15,000) Sexual Assault Evidence Kits went untested over a period of several decades; and

    b. A disproportionate number of the victims whose body fluids were taken and located in the Sexual Assault Evidence Kits were women.

35. Defendant City of Memphis failed to:

    a. Arrange for the timely analysis and evaluation of the evidence contained in the Sexual Assault Evidence Kit;

    b. Affect an arrest of the intruder;

      c.      Determine if other crimes may have been committed by the intruder; and

      d.      Prevent future rapes by the intruder.

36.    On information and belief, the failure to submit Plaintiff Doe's Sexual Assault Evidence Kit for testing was consistent with an institutional practice of the City of Memphis Police Department, was known to policy makers within the City of Memphis Police Department, was ratified by multiple policymakers within the City of Memphis Police Department, and the Defendant failed to take any effective action to prevent the personnel within the Memphis Police Department from continuing to engage in such misconduct.

37.    On information and belief, Defendant City of Memphis authorized, tolerated as institutional practices and ratified the misconduct above by:

      a.      Failing to properly supervise the Memphis Police Department;

      b.      Failing to properly train the Memphis Police Department;

      c.      Failing to forward to the District Attorney General of Shelby County evidence of criminal acts committed in Shelby County;

      d.      Failing to protect and ensure evidence is not lost or mishandled; and

      e.      Failing to discipline, restrict and control Memphis Police Department employees for failing to investigate crimes of sexual assault of females.

38.    Plaintiff Doe suffered injuries, including but not limited to:

      a.      Physical injuries from the sexual assault, and

      b.      Severe emotional and psychological injuries.

## VI.    42 U.S.C. § 1983 EQUAL PROTECTION AGAINST THE CITY OF MEMPHIS

39. Plaintiff Doe repeats, realleges, and incorporates herein each of the preceding paragraphs 1-38 as if fully set forth herein.

40. At all relevant times herein, the Memphis Police Department acted under color of law.

41. At all relevant times herein, the Defendant City of Memphis with deliberate indifference, intentionally, willfully and wantonly and/or with reckless disregard deprived Plaintiff Doe and the Class of rights and/or privileges secured by the constitution, including but not limited to:

      a.      Defendant violated Plaintiff Doe and Class members of Due Process Clause property interests in their DNA samples, which had been provided and stored at the City of Memphis facility, and their right to redress in the courts, by failing to investigate, submit sexual evidence kits or arrest the accused; and

      b.      Defendant violated Plaintiff Doe and Class members of Due Process Clause property interests in their persons, by failing to investigate, submit sexual assault evidence kits or arrest the accused.

42. Defendant with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Doe and other Class members.

43. Defendant's deliberate indifference, willful and wanton conduct created a danger of an increased risk of harm of sexual abuse, and/or fostered an environment to

exist and continue in which a victim was sexually abused and/or in fear of sexual assault.

44. Defendant's deliberate indifference, willful and wanton conduct created a danger of an increased risk of harm to the victims of sexual abuse, which are disproportionately females, by failing to investigate sexual assault crimes.

45. Defendant's deliberate indifference, willful and wanton conduct created a danger of an increased risk of harm to the victims of sexual abuse, which are disproportionately females, by fostering an environment whereby the perpetrators of sexual assault were allowed to continue to prey on victims without fear of investigation by the Memphis Police Department.

46. Defendant's conduct was motivated by gender.

47. Defendant's conduct was intentional and due to Plaintiff Doe's and the Class members' female gender.

48. Defendant has a history of discriminating against females. Defendant treats domestic violence abuse reports from women with less priority than other crimes not involving women reporting domestic violence abuse.

49. Defendant violated Plaintiff Doe's and the Class members' civil rights by having an express policy that, when enforced, caused a constitutional deprivation to Plaintiff Doe and the Class members, or by having a wide-spread practice and/or custom that, although not authorized by written law or express municipal policy was so permanent and well settled as to constitute a custom or usage with the force of law.

50. The constitutional injury inflicted by the Defendant was caused by a person with final policymaking authority for the City of Memphis.

51. Defendant knew about the herein described conduct and facilitated it, approved it, condoned it and/or turned a blind eye to it.

52. The above described conduct of the City of Memphis constitutes a violation of 42 U.S.C. § 1983. Plaintiff Doe and the Class members are entitled to compensatory damages and other non-pecuniary losses.

53. As a direct and proximate result of the actions the Plaintiff Doe and the Class members suffered deprivation of their constitutional rights.

### VII. REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIONS

54. Plaintiff Doe repeats, realleges, and incorporate herein each of the preceding paragraphs 1-53 as if fully set forth herein.

55. The Plaintiffs seek a preliminary injunction restraining and prohibiting Defendants from continuing its policy and/or custom of failing to test sexual assault evidence kits.

56. In the absence of the issuance of a preliminary injunction, the Defendant will cause immediate and irreparable harm including, but not limited to, violation of citizens' exercise of constitutional rights, physical and mental harm.

57. There is no harm to the public interest if an injunction issues, and, in fact, the issuance of an injunction under the circumstances and facts of this case protects the public interest.

58. The harm to the females who submit sexual assault evidence kits to the City of Memphis outweighs any harm to the Defendant, thus injunctive relief is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand that the court issue a Declaratory Order declaring the policy of the Defendant with respect to the handling of the sexual assault evidence kits to be unconstitutional; issue the injunctions as prayed for in the Complaint, empanel a jury to try the issues raised herein which are properly triable before a jury and pray for a monetary judgment against the Defendant in an amount to be determined at trial and any other relief the Court deems just and proper, including by not limited to: i) Attorney's fees and costs pursuant to 42 U.S.C. §1988; (ii) Pre- and post- judgment interest; (iii) Discretionary costs; and (iv) All such further relief, both general and specific, to which Plaintiffs may be entitled or to which they may show themselves entitled.

    Respectfully submitted,

    SPENCEWALK, PLLC

By:   s/ Robert L. J. Spence, Jr.
     Robert L. J. Spence, Jr. (BPR# 12256)
     Kristina A. Woo (BPR #22349)
     Bryan M. Meredith (BPR 26876)
     One Commerce Square, Suite 2200
     Memphis, Tennessee  38103
     Office: (901) 312-9160
     Facsimile: (901) 521-9550
     rspence@spencewalk.com
     kwoo@spencewalk.com
     bmeredith@spencewalk.com

*Attorneys for Plaintiffs*