IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

JANE DOE, JANE DOE NO. 2 AND JANE DOE NO. 3
INDIVIDUALLY AND AS CLASS REPRESENTATIVES
OF ALL OTHERS SIMILARLY SITUATED,

      Plaintiffs,

vs.                                Docket No.: 2:13-cv-03002

CITY OF MEMPHIS,

      Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER**

COME NOW Plaintiffs Jane Doe, Jane Doe No. 2, and Jane Doe No. 3 (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel of record and on behalf of themselves individually and others similarly situated, pursuant to the Federal Rules of Civil Procedure, and file this Memorandum of Law and Argument in Support of Plaintiffs' Motion for Protective Order.

<u>INTRODUCTION</u>

This is a case about the City of Memphis' unconstitutional practice of treating female victims of rape differently than other similarly-situated crime victims. However, this case has devolved into a standstill where one party — the City — has refused to comply with the discovery rules and, as a result, the Plaintiffs' ability to prosecute and to litigate this case has been thwarted. The Scheduling Order provided that the parties would have 203 days to conduct discovery prior to the deadline for Plaintiffs to disclose

expert witnesses.  To date, the City's recalcitrant conduct has caused 173 of these days to be wasted.

Notwithstanding the City's abject failure and refusal to participate in discovery, the City has propounded its own discovery requests to the Plaintiffs.  The rules governing discovery contemplate that all parties to a proceeding fully participate and engage in the exchange of information and documents.  Discovery is only fair if both parties participate. Because the City refuses to participate in discovery, Plaintiffs seek a protective order that protects the Plaintiffs from having to answer the City's discovery requests until the City complies with its own overdue discovery obligations.

## A.  City's History of Noncompliance with Discovery Requests

Since the Court entered the Scheduling Order in this cause, the City has consistently and unapologetically refused to comply with Plaintiffs' discovery requests. The following conduct provides a good, but succinct, overview of the City's conduct:

First, the City has not complied with Plaintiffs' e-discovery request pursuant to Local Rule 26.1. This e-discovery information is currently one hundred ninety-eight (198) days overdue.

Second, on May 16, 2014, the Plaintiffs served upon the City a First Set of Interrogatories and Request for Production of Documents.  The City has refused to answer this discovery.  The City's responses to the First Set of Interrogatories and Request for Production of Documents are currently one hundred thirty-six (136) days overdue.

Third, on May 28, 2014, Plaintiffs served upon the City a Second Set of Interrogatories. The City has refused to answer this discovery, as well.  The City's

responses to the Second Set of Interrogatories are currently one hundred twenty-four (124) days overdue.

The City has taken no visible steps to remedy any of its discovery failings. Neither has it consulted with Plaintiffs and requested additional time to respond. Instead, the City's actions indicate that its noncompliance is the result of a conscious choice to simply ignore Plaintiffs' discovery requests.  It is as if the City operates in a make-believe world where it is exempt from the Federal Rules of Civil Procedure and can simply wait until the discovery period ends without responding to Plaintiffs' discovery.

## B.  Applicable Law

The Federal Rules of Civil Procedure govern both law and equity.[1]   A federal district court's "equity power is broad and flexible, and the propriety of an order turns on a balancing of individual and collective interests in the particular case."[2]   A trial court has broad discretion to decide when a protective order is appropriate and the degree of protection that is required.[3]

Protective orders are authorized by Rule 26 of the Federal Rules of Civil Procedure "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. . . ."[4]   The rule requires that the Court find "good cause" for the entry of a protective order, and it permits the Court to, among other things, forbid

---

[1] *Ross v. Bernhard*, 396 U.S. 531, 539 (1970).
[2] *Morgan v. McDonough*, 548 F.2d 28, 31 (1st Cir. 1977) (citing *Swann v. Charlotte-Mecklenburg Board of Ed.*, 402 U.S. 1, 15-16, (1970).
[3] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).
[4] Fed. R. Civ. P. 26(c).

disclosure or discovery, specify terms for disclosure or discovery, and forbid inquiry into certain matters.[5]

## C. Argument

It is inequitable for Plaintiffs to be forced to respond to the City's discovery requests while the City simultaneously refuses to respond to the discovery requests propounded by the Plaintiffs.  As Plaintiffs argued in their Amended Motion to Compel and Response to Defendant's Motion for Protective Order,[6] Plaintiffs suffer more prejudice each day that the City fails to comply with discovery.  This is based on multiple factors, not the least of which is that Plaintiffs' deadline to disclose experts is approaching and Plaintiffs lack the discovery documents its experts need prior to rendering expert opinions.  As prejudicial as the City's lack of compliance is, forcing Plaintiffs to give discovery to the City would be even more prejudicial.

Because the City refuses to comply with Plaintiffs' properly-filed discovery requests, equity dictates that the City should not be able to have it both ways – on the one hand refusing to respond to discovery, but on the other propounding discovery to the Plaintiffs.  The special treatment and double standard the City is seeking is both unfair and highly prejudicial to the Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the Motion for Protective Order.

---

[5] *See id.*

[6] *See* D.E. 25 and D.E. 26, respectively.  Plaintiffs adopt and incorporate both documents into this Memorandum as if stated herein.

Respectfully submitted,


THE SPENCE LAW FIRM, PLLC


By:   /s/ Robert L. J. Spence, Jr.
       Robert L. J. Spence, Jr. (BPR #12256)
       Bryan M. Meredith (BPR #26876)
       One Commerce Square, Suite 2200
       Memphis, Tennessee  38103
       Office: (901) 312-9160
       Facsimile: (901) 521-9550
       rspence@spencewalk.com
       kwoo@spencewalk.com
       bmeredith@spencewalk.com

       Ricky E. Wilkins (BPR #14526)
       Sharon Harless Loy (BPR #19824)
       The Law Offices of Ricky E. Wilkins
       The Shrine Building
       66 Monroe Avenue
       Suite 103
       Memphis, Tennessee 38103
       Office: (901) 322-4450
       Facsimile: (901) 322-4451
       rwilkins@wilkinslawoffice.com
       sloy@wilkinslawoffice.com

       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served through the Court's ECF filing system to Defendant and all other parties who receive notices through the Court's ECF filing system on this 29th day of October, 2014.


/s/ Robert L. J. Spence, Jr.