IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JANE DOE, JANE DOE NO. 2, AND JANE DOE NO. 3
INDIVIDUALLY AND AS CLASS REPRESENTATIVES
OF ALL OTHERS SIMILARLY SITUATED,

      Plaintiff,

vs.                               No. 2:13-cv-03002

CITY OF MEMPHIS,              **HEARING REQUESTED**

      Defendant.

## PLAINTIFFS' APPEAL AND OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

COME NOW Plaintiffs Jane Doe, Jane Doe No. 2, and Jane Doe No. 3, individually and as class representative of all others similarly situated ("Plaintiffs") by and through counsel of record, and, pursuant to 28 U.S.C. §636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72.1(g), submit this Appeal and Objections to the Magistrate's ruling disqualifying Robert L. J. Spence, Jr. as counsel for the Plaintiffs set forth in the Order Granting in Part and Denying in Part Defendant's Motion to Disqualify Plaintiff's Counsel,[1] [2] respectfully stating as follows:

---

[1] Docket Entry "D.E." 52
[2] Plaintiffs do not appeal the Magistrate's ruling denying Defendant's Motion to Disqualify Spence Law Firm, PLLC as counsel for Plaintiffs.

## INTRODUCTION

On December 20, 2013, Plaintiffs filed a Class Action Complaint ("Complaint") against Defendant City of Memphis ("City") after the City revealed that it has failed to submit thousands of Sexual Assault Kits for testing.[3]   In short, the Plaintiffs assert that the City of Memphis engaged in an unconstitutional policy or practice of treating female victims of rape differently than other similarly-situated crime victims.[4]

On October 1, 2014, approximately ten (10) months after the initiation of this lawsuit, the City filed an unsupported Motion to Disqualify Plaintiff's Counsel, Robert L.J. Spence, and his law firm, The Spence law Firm, PLLC, from representing Plaintiffs in this action ("Motion to Disqualify").[5]   The Motion to Disqualify was filed after Robert L. J. Spence, Jr. and the attorneys at Spence Law Firm, PLLC participated in several Court conferences, collaborated with counsel with the City for the entry of a scheduling order, participated in the exchange of Initial Disclosures by the parties, participated in the exchange of written discovery by the parties, prepared and filed a Motion to Compel the City to respond to the Plaintiffs' written discovery, prepared and filed a Response in opposition to the City's Motion to Dismiss, and twice participated in the filing amendments to the Complaint.

The Motion to Disqualify was not based upon a newly-discovered fact, but instead, a fact known to all parties since prior to the inception of this case - Mr. Spence's employment as the City Attorney from 1997 to 2004.[6]   Moreover, the City did not file any Affidavit or other sworn

---

[3] D.E. 1, 11, 31, 37.
[4] D.E. 37.
[5] D.E. 39.
[6] D.E. 52.   The Magistrate Judge determined that the City's unexplained approximate ten (10) month delay in seeking disqualification of Mr. Spence and the Spence Law Firm was not so substantial as to warrant waiver. Plaintiffs contend that finding of fact is clearly erroneous.

statement in support of the Motion to Disqualify.  Plaintiffs' filed a Response in opposition to the Motion to Disqualify and the Affidavit of Robert L.J. Spence ("Spence Affidavit").[7]

The City's Motion to Disqualify was referred to Magistrate Judge Claxton for determination.[8]  In the Order Granting in Part and Denying in Part Defendant's Motion to Disqualify Plaintiff's Counsel, the Magistrate Judge concluded that Mr. Spence should be disqualified pursuant to Tennessee Rule of Professional Conduct ("RPC") 1.11   "due to his personal and substantial involvement as a public officer for the City in policymaking and leadership roles" more than a decade ago.[9]  The Magistrate further determined:

> "the scope of Mr. Spence's role as City Attorney was exceptionally broad, and its relationship to the former matter is closely intertwined because of his role in policymaking and leadership - both of which are at issue in Plaintiff's case.  Thus, simply because Mr. Spence did not have specific knowledge of the failure to test the Sexual Assault Kits or was not involved in other ways with this issue does not suffice him to represent Plaintiffs when he previously had such a broad policymaking and leadership role with the City."[10]

The Magistrate Judge did not disqualify the Spence Law Firm and, instead, ordered it to comply with the procedures set forth in Tennessee Rule of Professional Conduct 1.11(b).[11]

## STANDARD OF REVIEW

Under 28 U.S.C. §636(b), the district court may refer both pretrial matters and dispositive matters to a magistrate judge.[12]  Section 636(b)(1)(A) authorizes the referral of nondispositive pretrial matters.[13]  Section 636(b)(1)(A) states that the district court may reconsider a referred

---

[7] D.E. 40.  Plaintiffs' rely upon and incorporate their response and the Spence Affidavit as if fully set forth herein.
[8] D.E. 45.
[9] D.E. 52, pp. 9-10.
[10] D.E. p. 10.
[11] D.E. p. 11.
[12] *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Callier v. Gray*, 167 F.3d 977, 980–81 (6th Cir. 1999).
[13] 18 U.S.C. §636(b)(1)(A).

pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[14]   Federal Rule of Civil Procedure 71(a) provides:

> (a) Nondispositive Matters.  When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.[15]

Local Rule 72.1(g) of the United States District Court for the Western District of Tennessee provides in pertinent part that "[t]he presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judges' order is clearly erroneous or contrary to law."[16]

The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[17] This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently.[18] "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are

---

[14] *Id.*

[15] Fed. R. Civ. P. 72(a).

[16] LR 71.1(g).

[17] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992); *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds, Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997).

[18] *See Anderson v. City of Besseme.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

4

reviewed under the plenary 'contrary to law' standard."[19]  As a result, the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law."[20]

## THE ONLY PROOF IN THE RECORD:  THE AFFIDAVIT OF MR. SPENCE

Mr. Spence's Affidavit contains the only factual evidence in the record pertaining to the scope of Mr. Spence's representation of the City while employed as City Attorney.[21]  Therefore, the following unrebutted and uncontradicted statements in Mr. Spence's Affidavit are the only proof available to the Court in ruling on this appeal:

During Spence's tenure as City Attorney, at no time did any issues pertaining to the MPD's treatment of Sexual Assault Evidence Kits arise leading to Spence obtaining any knowledge or confidential information relevant to the issues present in the Jane Doe matter.[22]  At no time was Spence ever made aware that the MPD had any particular clandestine or secret policies pertaining to the testing of these Sexual Assault Evidence Kits.[23]  In fact, during his tenure as City Attorney, Spence never received any confidential information, or participated personally and substantially, in the MPD's policies pertaining to criminal investigations.[24] Spence was never asked to prepare any legal opinion, and has absolutely no knowledge of any such legal opinion or request therefore pertaining to any of the issues present in the Jane Doe matter.[25]   Spence did not participate personally and substantially in any lawsuit or matter

---

[19] *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir.1994)).
[20] *Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547, 551 (S.D. Ohio 1982), *aff'd without op.*, 785 F.2d 308 (6th Cir. 1986).
[21] D.E. 40-1
[22] *Id.* at ¶3.
[23] *Id.* at ¶4.
[24] *Id.* at ¶6.
[25] *Id.* at ¶7.

pertaining to the MPD's failure to properly investigate any crimes, including sexual assault.[26]  Spence never participated personally and substantially in any matters whatsoever pertaining to the MPD's treatment of evidence or crime investigation.[27]  Spence never defended the City in any legal matters pertaining to the MPD's policies pertaining to any matters relevant to the Jane Doe matter.[28]  Spence never provided any legal advice on any issues pertaining in any manner whatsoever to matters relevant to the Jane Doe matter.[29]  Spence never obtained any confidential information that will provide him with any advantage in this litigation.[30]

Spence certainly never received any information, confidential or otherwise, during his tenure as City Attorney that any "backlog" of untested Sexual Assault Kits existed.[31]  Spence had absolutely no personal knowledge of any such "backlog" of untested Sexual Assault Evidence Kits, was never personally much less substantially involved in any discussions pertaining to Sexual Assault Evidence Kits, had no personal involvement in any "strategic enforcement and prioritization of particular crimes," and never provided legal advice as to MPD's policies and procedures pertaining to investigation of any crimes or treatment of any evidence.[32]  In fact, Spence learned of this "backlog" of untested Sexual Assault Evidence Kits in the same manner as the general public, through the media's reporting of the story.[33]

Additionally, since Spence ceased his representation of the City, the City's administration has changed such that Spence no longer has any confidential information on the City's policies

---

[26] *Id.* at ¶8.
[27] *Id.* at ¶9.
[28] *Id.* at ¶10.
[29] *Id.* at ¶11.
[30] *Id.* at ¶12.
[31] *Id.* at ¶13.
[32] *Id.* at ¶¶9, 13.
[33] *Id.* at ¶14.

and procedures on personnel and employment matters.[34]   Spence has not represented the City for approximately a decade, during which time the City's administration, the City Council, and the director of the MPD has undergone significant changes.[35]   Spence never served as City Attorney under the current mayor or during the tenure of the current police director.[36]   Spence has no confidential information as to the City's general litigation strategies, or the City's approach to pursuing litigation, including its risk tolerance, its resources, its method of conducting settlement negotiating, and any other preferences it may possess in conducting litigation.[37]   Moreover, the City's budgets passed while Spence worked as City Attorney, to the extent they become relevant in this litigation, are public information.[38]   Regardless, as City Attorney, Spence never provided any legal advice as to the City's budget pertaining to matters relevant to this litigation or the MPD.[39]   Spence was not personally and substantially involved in discussions regarding the MPD's budget.[40]   Spence was not involved in any manner whatsoever in discussions regarding the MPD's budget.[41]

Spence was not personally and substantially involved in the City's oversight of MPD in any manner relevant to the Jane Doe matter.[42]   Spence was not personally and substantially involved in "determining how best to advise, train, and supervise MPD and its officers."[43]   In fact, Spence had absolutely no involvement and never received confidential information

---

[34] *Id.* at ¶15.
[35] *Id.* at ¶25.
[36] *Id.* at ¶26.
[37] *Id.* at ¶16.
[38] *Id.* at ¶17.
[39] *Id.* at ¶18.
[40] *Id.* at ¶19.
[41] *Id.* at ¶20.
[42] *Id.* at ¶21.
[43] *Id.* at ¶22.

pertaining to "how best to advise, train, and supervise MPD and its officers."[44]   Spence has

absolutely no confidential information on an "unwritten, unconstitutional policy or custom" of

the City pertaining to these Sexual Assault Evidence Kits or any other matter.[45]

It was upon this factual record that the Magistrate Judge concluded Spence should be

disqualified.

## ISSUES PRESENTED ON APPEAL

**I.     The Magistrate Judge's Ruling That The City Met Its Burden For The
Disqualification Of Mr. Spence Is Unsupported By Any Fact In The Record, Is Clearly
Erroneous And Contrary To Applicable Law.**

As the moving party, the City has the burden to establish grounds for disqualification.[46]

"In reaching this determination, the movant has the initial burden of coming forward with *prima*

*facie* evidence that disqualification is warranted.  Mr. Spence "cannot be disqualified on the basis

of speculation or conjecture...."[47]

In support of the Motion to Disqualify, the City speculates that Mr. Spence "**would have**

**been** present for confidential internal discussions highly relevant to this matter" and that "**[b]y**

**the very nature of Mr. Spence's** position with the City he was personally and substantially

involved in making decisions for the [former Mayor's] administration and advising other top

City officials as to the legal consequences of the policies they were instituting."[48]

The Magistrate Judge erred in not dismissing the City's Motion at the outset because it is

unsupported by any factual proof and is based solely on the unsworn and unsubstantiated

---

[44] *Id.* at ¶23.
[45] *Id.* at ¶24.
[46] *Fed. Deposit Ins. Corp. v. Sierra Res., Inc.*, 682 F.Supp. 1167, 1170 (D. Colo. 1987).
[47] *English Feedlot, Inc. v. Norden Labs., Inc.*, 833 F.Supp. 1498, 1506 (D. Colo. 1993).
[48] D.E. 39 (emphasis added).

arguments by its counsel.  It is well settled that statements of counsel in pleadings are not evidence.[49]

Moreover, it is clear from the plain language of the allegations against Mr. Spence that the City is relying on mere assumptions and conjecture that Mr. Spence was privy to some unknown and unnamed issue germane to this litigation.  Therefore, the City did not even attempt to meet its burden of establishing a *prima facie* basis for the disqualification of Mr. Spence in its Motion and it is wholly without merit.

The Magistrate Judge ruled contrary to applicable law by concluding that the City was excused from properly supporting its Motion with facts supplied by a person with knowledge based on Tennessee Rules of Professional Conduct ("RPC") Rule 1.9, Comment 3(d) which the Magistrate Judge held "makes clear that the City is not required to disclose its confidences to successfully obtain disqualification."[50]  While the Plaintiffs agree that Rule 1.9 does not require the City to reveal confidential information in support of its Motion, the Rule in no way alters the City's burden of establishing a *prima facie* basis for disqualification not grounded in conjecture and does not permit a Court to consider unsupported arguments made by a party in a Motion as evidence.

---

[49] *See, e.g.*, *Shreve v. Franklin County*, 743 F.3d 126, 136 (6th Cir. 2014) ("[p]leadings are not evidence."); *Pretzantzin v. Holder*, 725 F.3d 161, 170 (2d Cir. 2013) ("But the arguments of counsel are not evidence . . . ."); *Wittenburg v. Am. Express Fin. Advisors, Inc.*, 464 F.3d 831, 838 (8th Cir. 2006) ("However, arguments of counsel are not evidence."); *Medina v. Pacheco*, 1998 U.S. App. LEXIS 22533 (10th Cir. Sept. 14, 1998) ("Counsel should know such statements and pleadings are not evidence."); *Witt v. Metal Moulding Corp.*, 2006 U.S. Dist. LEXIS 78137 (M.D. Tenn. 2006) ("Again, the pleadings are not evidence."); *Tennessee v. Crass*, 1992 Tenn. Crim. App. LEXIS 327 (Tenn. Crim. App. Apr. 9, 1992) ("Of course, statements in pleadings are not evidence and cannot be considered in lieu of proof.").

[50] D.E. 52, p. 10.

**II.    The Magistrate Judge's Ruling That The Third Amended Complaint Contains Averments Concerning "Persons With Final Policymaking Authority Of The City Of Memphis" And That Mr. Spence Possessed Authority As A Final Policy Maker Of The City Of Memphis Is Unsupported By Facts In The Record, Clearly Erroneous And Contrary To Applicable Law.**

The Magistrate Judge's ruling that Mr. Spence should be disqualified pursuant to RPC Rule 1.11 "due to his personal and substantial involvement as a public officer for the City in policymaking and leadership roles" was based on the conclusions that (1) the Third Amended Complaint contains averments against "persons with final policymaking authority for the City of Memphis", and (2) "the nature of Mr. Spence's role as the City's former chief legal officer with such authority."[51]  The first conclusion is factually inaccurate as the Third Amended Complaint does not contain the averment attributed to it by the Magistrate Judge and the second conclusion is wholly unsupported by any fact in the record.

First, the Third Amended Complaint does not contain averments regarding persons with final policy making authority of the <u>City of Memphis</u>, but rather a singular allegation that "the failure to submit Jane Doe and the Class members' Sexual Assault Evidence Kits for testing was consistent with an institutional practice and ongoing policy of the MPD, was known to <u>policy makers within the MPD</u>, was ratified by multiple <u>policy makers within the MPD</u> . . . ."[52]  Thus, the Magistrate Judge's ruling is clearly erroneous.

The error in describing or reciting the averments in the Third Amended Complaint is significant in regards to the Magistrate Judge's disqualification of Mr. Spence because, it is diametrically at odds with the only facts in the record.  In his Affidavit, Mr. Spence confirms that he was not personally and substantially involved in policies or practices regarding the treatment

---

[51] D.E. 52, pp. 9-10.
[52] D.E. 37, paragraph 94.

of evidence in criminal investigations, or the oversight, training, supervision, and budget of the

MPD and its officers, and obtained no confidential information regarding advice, training and

supervision of the MPD and its officers.[53]  These statements are uncontroverted.

Second, there is no basis in law or fact in the record from which the Magistrate Judge

could conclude that Mr. Spence possessed authority as a final policy maker of the City of

Memphis regarding any issue germane in this lawsuit.  It is well established that "[w]hether a

given individual is such a "policymaker" for purposes of § 1983 liability is a question of state

law.[54]  In the Motion to Disqualify, the City cited no basis in state law, the City Charter, or City

Ordinances to establish that Mr. Spence was a final policy maker of the City with respect to any

disputed issue in this lawsuit; and the Magistrate Judge cites no basis in her ruling; and the

Plaintiffs submit that none exists.  Moreover, Mr. Spence's Affidavit is uncontroverted proof that

he never advised the City or its policy makers or acquired any relevant confidential information

regarding any disputed issue in this lawsuit.[55]

## III.    The Magistrate Judge's Conclusion That The Scope Of Mr. Spence's Representation Of The City Was "Exceptionally Broad" Such That The Matters In His Prior Representation Of The City And The Issues In This Litigation Are "Closely Intertwined" Is Unsupported By Any Fact In The Record, Is Clearly Erroneous And Contrary To Applicable Law.

The Magistrate Judge's ruling that the issues in this litigation and Mr. Spence's prior

employment with the City are "closely intertwined" is based on the vague conclusion that Mr.

Spence's representation of the City was "exceptionally broad."   Since the Magistrate Judge

---

[53] D.E. 40-1.

[54] *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

[55] D.E. 40-1.

accurately noted that "Mr. Spence did not have specific knowledge of the failure to test the Sexual Assault Evidence Kits or was not involved in other ways with this issue," the Magistrate Judge presumably found that Mr. Spence's "broad" representation of the City essentially extended to every matter that occurred at the City during the years that he was City Attorney. This point is contradicted by Mr. Spence's Affidavit – the only evidence in the record regarding the scope of his representation.

In addition, to the fact that there is no factual support in the record to conclude that Mr. Spence's representation was "broad", it is also not probative of whether he should be disqualified.   Comment 3(c) to RPC 1.9 explains that in those cases where a party seeks disqualification based upon <u>general knowledge</u> to the disadvantage of a former client, that "general knowledge of the client's policies and practices ordinarily <u>will not preclude</u> a subsequent representation", and "only when such information will be directly in issue or of unusual value in the subsequent matter will it be independently relevant in assessing a substantial relationship."[56]    The Magistrate Judge did not conclude that any "general" or "broad" knowledge allegedly acquired by Mr. Spence during his employment with the City will be directly at issue in this case or of unusual value, and in fact any such conclusion would be unsupported by any fact in the record.  Moreover, Mr. Spence has no confidential information as to the City's general litigation strategies, or the City's approach to pursuing litigation, including its risk tolerance, its resources, its method of conducting settlement negotiating, and any other preferences it may possess in conducting litigation since Mr. Spence has not represented the City

---

[56] Tenn. Sup. Ct. R. 1.9, cmt. 3(c).

for approximately a decade, during which time the City's administration, the City Council, and the director of the MPD has undergone significant changes.[57]

Thus, since there is no evidence in the record to disqualify Mr. Spence for his "general knowledge," Mr. Spence may only be disqualified pursuant to the RPC "from particular matters in which the lawyer participated personally and substantially."[58]  The official comment 2 to RPC 1.9 is directly on point:

> The scope of a "matter" for purposes of this Rule depends on the facts of a particular situation or transaction.  The appropriateness of the subsequent representation will depend on the scope of the representation in the former matter, the scope of the proposed representation in the current matter, and its relationship to the former matter.  The lawyer's involvement in a matter can also be a question of degree.  When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited.  **On the other hand, a lawyer who recurrently handled a type of problem of that type, is not precluded from later representing another client in a factually distinct problem of that type, even though the subsequent representation involves a position adverse to the prior client.**  Similar considerations can apply to the reassignment of military lawyers between defense and prosecution functions within the same military jurisdictions.  The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.[59]

This commentary expressly provides that a problem of the same "type" as presented in an earlier matter does not make the two matters "related" for purposes of RPC 1.9:  an attorney is free to accept a representation adverse to a former client involving a problem of the same type the attorney handled for the former client.[60]

In this case, Mr. Spence's Affidavit leaves no doubt that he did not personally and substantially participate in any matter germane to this litigation, that he acquired no confidential

---

[57] D.E. 40-1, paragraphs 15, 16, 25, and 26.
[58] Tenn. Sup. Ct. R. 8, RPC 1.11, cmt 4.
[59] RPC 1.9 Official Comment 2 (emphasis added).
[60] *See, e.g.*, *McKane v. City of Lansing*, 861 F.Supp. 47, 49 (W.D. Mich. 1994).

information, and that he did not even participate in a "related" matter.  The City proffered no

facts to the contrary.

**IV.     The Magistrate Judge's Disqualification Of Mr. Spence Was Contrary To Sixth Circuit's Three-Part Test For Disqualification.**

The Magistrate Judge relied upon the RPC in disqualifying Mr. Spence; however, she

did not apply the test articulated by the Sixth Circuit in *Dana Corp. v. Blue Cross & Blue Shield*

*Mutual of Northern Ohio*.[61]   The Plaintiffs submit that if the *Dana* test had been applied, the

Magistrate Judge would not have disqualified Mr. Spence, because the subject matter of his prior

representation of the City is not substantially related to any issue being litigated in this case, and

he acquired no confidential information relevant to any disputed issue in this matter.

The *Dana* test is a three-part test for disqualification based on a conflict of interest,

asking whether: (1) a past attorney/client relationship existed between the party seeking

disqualification and the attorney it seeks to disqualify;[62] (2) the subject matter of those

relationships was/is substantially related; <u>and</u> (3) the attorney acquired confidential information

from the party seeking disqualification.[63]   There is no dispute that the first prong of the *Dana* test

is met.

When considering whether the City has met the second prong of the *Dana* test (i.e.,

whether the subject matter of those relationships was/is substantially related), the court must

decide whether the legal work Mr. Spence performed for the City is substantially related to the

legal questions involved in this lawsuit or, instead, whether it was more general work for the

---

[61] 900 F.2d 882, 889 (6th Cir. 1990).
[62] There is no dispute that a past attorney/client relationship existed between the City and Mr. Spence.
[63] *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 889 (6th Cir. 1990) (citing *City of Cleveland v. Cleveland Electric Illuminating,* 440 F.Supp. 193, 207 (N.D. Ohio 1976), *aff'd,* 573 F.2d 1310 (6th Cir. 1977) (emphasis added)).

city.  The only facts in the record from which to answer these inquiries are contained in Mr. Spence's affidavit.  In his Affidavit Mr. Spence affirmed that he <u>did not perform</u> any work related in any manner whatsoever to the legal questions involved in this lawsuit and <u>he was not involved</u> in any manner whatsoever with the Memphis Police Department's policies or procedures.[64]  The City did not proffer any proof in support of either inquiry and the factual record contains proof that Mr. Spence did any work substantially related to the legal questions involved in this lawsuit and, instead, simply speculates that he must know something.  The unsupported assertions of a City lawyer in a pleading are insufficient to disqualify Mr. Spence.

The third prong of the *Dana* test is whether Mr. Spence obtained confidential information *relevant* to the present matter while representing the City.  As noted by the Seventh Circuit, general knowledge of a company's inner workings acquired during another representation is not sufficient to warrant disqualification.[65]  Likewise, "general knowledge of a corporation's organization and supporting personalities, which can quickly and easily be learned through the civil discovery process, is not enough to warrant disqualification.[66]  A "road map" theory is insufficient to support a motion to disqualify.[67]

The City's Motion to Disqualify, while speculating that Mr. Spence "would have" attended confidential meetings about issues relevant to the instant case, had they in fact ever occurred, relies on Mr. Spence's general knowledge of the City's operations. The City has not established that under the circumstances of this case, either its interest in a trial free from prejudice or the public's interest in the scrupulous administration of justice override Plaintiffs'

---

[64] D.E. 40-1.
[65] *International Paper Co. v. Lloyd Mfg. Co.*, 555 F.Supp. 125, 136 (N.D. Ill. 1982) (citing *Westinghouse Electric Corp. v. Rio Algom, Ltd.*, 448 F. Supp. 1284 (N.D. Ill. 1978), aff'd 580 F.2d 1311 (7th Cir. 1978)).
[66] *Int'l Paper Co.*, 555 F. Supp. at 136.
[67] *Id.*

interest in being represented by counsel of their choice. *See id.*  It is true that Spence's position as

a City Attorney a decade ago involved work with City attorneys and other officials. The City,

however, has neither demonstrated nor argued why the normal protections available under the

Federal Rules of Civil Procedure and the Federal Rules of Evidence will not suffice to prevent

any protected information from being proffered or admitted at trial. Given the availability of

these protections, the City has not shown that any information possessed by Mr. Spence has so

prejudiced their case that his disqualification is required.[68]

The Magistrate Judge improperly disqualified Mr. Spence because he possesses such

general information as opposed to confidential information relevant to the issues present in this

lawsuit stating:

> The scope of Mr. Spence's role as City Attorney was exceptionally broad, and its
> relationship to the former matter is closely intertwined because of his role in
> policymaking and leadership - both of which are at issue in Plaintiff's case.  Thus,
> simply because Mr. Spence did not have specific knowledge of the failure to test
> the Sexual Assault Evidence Kits or was not involved in other ways with this
> issue does not suffice to permit him to represent Plaintiffs when he previously had
> such a broad policymaking and leadership[69] role with the City….
>
> The City's Motion articulates the type of general knowledge that it believes that
> Mr. Spence obtained in his role as City Attorney.  Thus the court finds that the
> City's general allegations are sufficient to support Mr. Spence's disqualification.[70]

Plaintiffs contend this conclusion is contrary to law.  Specifically, it ignores the test articulated in

*Dana* by disqualifying Mr. Spence for possessing "general knowledge", without the City meeting

its *prima facie* burden, and without any proof that Mr. Spence obtained any confidential

information relevant to the present matter.  Moreover, as more fully explained herein, this type of

---

[68] *See Garland Kitchen v. Aristech Chemical*, 769 F.Supp. 254, 258-59 (S.D. Ohio 1991).
[69] There is no evidence that Mr. Spence had a "broad policymaking and leadership role" with the City.
[70] D.E. 52, p. 10-11.

disqualification of a former government lawyer is not allowed under the Tennessee Rules of Professional Conduct.

## V.     The Magistrate Judge's Ruling That The City Did Not Waive The Disqualification of Mr. Spence is Erroneous and Contrary to Applicable Law.

The City has waived its right to argue that Mr. Spence should be disqualified through its unreasonable delay.  The Magistrate Judge agreed, in applying the factors of a waiver analysis, that four of the five factors favored waiver.  The Court held, however, that the fifth factor — prejudice to the Plaintiff — was not met.  But in this case the Plaintiffs will be prejudiced if they are denied their counsel of choice, Mr. Spence.  And even if this Court finds that the prejudice is mitigated, all of the other factors favor the argument that the City has waived its right.

A former client who fails to timely file a motion to disqualify counsel waives the right to do so.[71]  "Waiver is a valid basis for the denial of a motion to disqualify."[72]

> [A] finding [of waiver] is justified . . . when a former client was concededly aware of the former attorney's representation of an adversary but failed to raise an objection promptly when he had the opportunity.  In [this] circumstance, the person whose confidences and secrets are at risk of disclosure or misuse <u>is held to have waived his right to protection</u> from that risk.
>
> In determining whether the moving party has waived its right to object to the opposing party's counsel, consideration must be given to (1) the length of the delay in bringing the motion to disqualify, (2) when the movant learned of the conflict, (3) whether the movant was represented by counsel during the delay, (4) why the delay occurred and (5) whether disqualification would result in prejudice to the non-moving party. [73]  In particular, consideration should be given and inquiry made as to whether the motion was delayed for tactical reasons.[74]

---

[71] *In re Valley–Vulcan Mold Co.*, 5 Fed. Appx. 396, 401 (6th Cir. 2001).

[72] *In re Valley-Vulcan Mold Co.*, 237 B.R. 322, 337-38 (B.A.P. 6th Cir. 1999) *subsequently aff'd*, 5 F. App'x 396 (6th Cir. 2001) (quoting *Alexander v. Primerica Holdings, Inc.,* 822 F.Supp. 1099, 1115 (D. N.J. 1993)).

[73] The Magistrate Judge in this case found that factors (1) – (4) of this analysis favored a finding of waiver, but held that the fifth factor—prejudice—did not. *See* D.E. 52.

[74] *Valley-Vulcan*, 237 B.R. at 337-38.

Regarding length of delay, the City waited approximately ten (10) months after the Complaint was filed by Spence to file the motion to disqualify.  During that ten-month period, the Court conducted several conferences, Spence and the counsel for the City collaborated on the entry a scheduling order, Spence on behalf of the Plaintiff propounded discovery to the City, the counsel for the City sent discovery requests to Spence to be answered by the Plaintiffs, Spence filed various discovery motions on behalf of the Plaintiffs, the counsel for the City filed various motions that were responded to by Spence, and Spence sought the right to amend the Plaintiff's Complaint and he amended it twice.

As to when the City learned of the alleged conflict, the City knew Mr. Spence was representing the Plaintiffs has soon as they received service of the Complaint.  Mr. Spence's electronic signature is affixed to the bottom of the original Complaint in this case.[75]

The City cannot fairly argue that it was without counsel during the period before it filed the Motion to Disqualify.  Robert Myers filed his Notice of Appearance as lead counsel for the City on January 9, 2014, approximately twenty (20) days after the Complaint was filed.[76]  He was joined over the next few days by Deputy City Attorney Regina Newman,[77] and Senior Assistant City Attorney Barbaralette Davis.[78]  The City had the benefit of legal counsel from the beginning of this case.

As of this pleading, Plaintiffs are not aware of any legitimate reason why the City waited ten months before bringing this Motion to Disqualify.  The City does not, in its Memorandum in

---

[75] *See* D.E. 1.
[76] *See* D.E. 4.
[77] *See* D.E. 5.
[78] *See* D.E. 6.

Support of Motion to Disqualify, explain or even acknowledge this delay.[79]  As the Magistrate Judge held, the City "failed to articulate any reason for delay."[80]  Thus, this factor also supports Plaintiffs argument that the City has waived its right to move for disqualification.

Finally, as to prejudice, while there are other counsel of record who have been engaged to represent the victims since the Complaint was filed, it is Mr. Spence with whom the victims' have most dealt and with whom they most trust to make their voices heard. The legal and factual issues in this case are difficult, extremely complex and sensitive.  The plaintiffs are all victims of rape and sexual assault.  Each of the women who came forward and reported this type of crime demonstrated significant courage and learning that the crimes committed against them were not considered important enough to warrant any investigation by the City was heartbreaking.   Now, after the City failed to investigate crimes of rape and sexual assault, it is now attempting to take away their counsel of choice without any attempt to meet its *prima facie* burden or explanation as to why it waited ten (10) months to seek the disqualification of Spence.

Mr. Spence has developed a trusting relationship with the named plaintiffs and these victims of rape and sexual assault should not be forced to begin at square one, especially since the City with full knowledge chose to litigate this case against Spence for so many months before it reached this point.  The City's unexplained delay and the extremely sensitive nature of this litigation makes the palpable prejudice to the Plaintiff's great and the finding of a waiver by the City appropriate.

---

[79] *See* D.E. 39-1.
[80] D.E. 52.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Magistrate Judge's Order Granting in Part and Denying in Part Defendant's Motion to Disqualify Counsel be reversed in part and that Robert Spence be allowed to go forward as counsel for the Plaintiffs.

Respectfully submitted,

THE SPENCE LAW FIRM, PLLC

By:     <u>/s/ Bryan M. Meredith</u>
        Bryan M. Meredith (BPR #26876)
        E. Lee Whitwelll (BPR #033622)
        One Commerce Square, Suite 2200
        Memphis, Tennessee  38103
        Office: (901) 312-9160
        Facsimile: (901) 521-9550
        bmeredith@spence-lawfirm.com
        lwhitwell@spence-lawfirm.com


        Ricky E. Wilkins (BPR #14526)
        Sharon Harless Loy (BPR #19824)
        The Law Offices of Ricky E. Wilkins
        The Shrine Building
        66 Monroe Avenue,   Suite 103
        Memphis, Tennessee 38103
        Office: (901) 322-4450
        Facsimile: (901) 322-4451
        rwilkins@wilkinslawoffice.com
        sloy@wilkinslawoffice.com

        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a copy of the foregoing has been served through the Court's ECF filing system to Defendant and all other parties who receive notices through the Court's ECF filing system on this 19th day of January, 2015.

Barbaralette G. Davis
Senior Assistant City Attorney
125 N. Main Street, Room 336
Memphis, Tennessee 38103

Robert D. Myers
Glankler Brown, PLLC
6000 Poplar Avenue
Suite 400
Memphis, Tennessee 38119

/s/ Bryan M. Meredith

21